[Civ. No. 764.    First Appellate District.—November 16, 1910.]

THOMAS H. PETERSON, Appellant, v. F. A. CODY and CITY BANK OF SANTA CRUZ, a Corporation, Respondents.

WATER RIGHTS—RESERVATION IN DEED—AMOUNT IN USE AT TIME OF DEED.—Where the grantors of a deed reserved "the right to take and use the water as now taken and used by the parties of the first part, and the right to enter upon said land to repair and maintain proper flumes, pipes or conduits necessary to conduct and lead onto the lands of the parties of the first part, the amount of water now appropriated and used by said parties of the first part that are accustomed to flow on, upon and across the lands hereby conveyed," such reservation includes only the amount of water in use by the grantors at the time of the deed, for beneficial purposes, and not the carrying capacity of their flume at that time.

ID.—EVIDENCE FOR DEFENDANT — FINDING AS TO AMOUNT OF USE — PLAINTIFF NOT INJURED.—Where the evidence for the defendant variously estimated the amount of water applied to a beneficial use by the plaintiff at the time of the deed as amounting from two hundred and fifty to seven hundred and twenty-five gallons per day, and as there is no evidence in the case that a greater amount than one thousand gallons per day flowed through the flume, the plaintiff cannot successfully complain that he is injured by the liberal allowance by the court to the plaintiff of the amount of one thousand gallons per day as having been appropriated and used by him at the time of the deed.

ID.—EXTRAVAGANT CLAIM OF PLAINTIFF AND ADVISORY VERDICT SET ASIDE.—Where plaintiff claimed all of the waters of the creek, and an advisory verdict of the jury, based on the right of the plaintiff to the full carrying capacity of his flume, found that he was entitled to seven hundred thousand gallons of water per day, the court properly set aside the advisory verdict, and found the amount of the water taken and used by plaintiff at the time of the conveyance, and rendered judgment accordingly.

ID.—CONSTRUCTION OF RESERVATION—ORDINARY FLOW NOT INCLUDED.—It is held that under the proper construction of the reservation, plaintiff was entitled, not to the amount of water that ordinarily flowed through the flume, but to the amount thereof that he was accustomed to use at the time of the conveyance.

ID.—EFFECT OF RESERVATION—APPROPRIATION TO BENEFICIAL USE.—The words, "taken and used," and "appropriated and used," found in the reservation, may well be given the ordinary legal meaning of the word "appropriated" as used in connection with the acquisition

of water rights, in which the appropriator's rights are measured, not by the capacity of his conduit, but by the amount actually applied to a beneficial use.

ID.—CONSTRUCTION OF RESERVATION—AMOUNT OF WATER PRESUMABLY USED—ESTOPPEL OF PLAINTIFF.—It is held that the court correctly construed the reservation in the deed by limiting the plaintiff's rights (in the absence of evidence of the exact amount of water used by him at the time of the conveyance) to about the amount of water presumably so used; and that the plaintiff cannot be heard to complain of such construction, especially as the court was quite liberal in computing the amount of water on this basis.

ID.—CONDUCT OF PLAINTIFF AND GRANTEE INCONSISTENT WITH PLAINTIFF'S COMPLAINT.—The evidence shows that the conduct of the plaintiff and his grantee was inconsistent with the claim made in the complaint to all of the waters of the creek, in that such grantee under the deed shortly after its execution took water from the creek through a three-inch pipe from a point above the intake of plaintiff's flume and no claim was then made that he had reserved all the waters of the creek.

APPEAL from an order of the Superior Court of Santa Cruz County, denying a new trial. Lucas F. Smith, Judge.

The facts are stated in the opinion of the court.

Cassin & Lucas, John D. Gish, and A. J. Brown, for Appellant.

W. M. Gardner, and Wyckoff & Gardner, for Respondents.

KERRIGAN, J.—This is an appeal from an order denying plaintiff's motion for a new trial.

In the year 1885 the plaintiff owned a tract of land in Santa Cruz county consisting of one hundred and fifty-nine acres, which land for some distance bordered on a stream of water known as Marshall creek. From this creek to his residence, which was some distance back from the creek, plaintiff had a flume by means of which he carried water from the creek to his residence. On February 12, 1885, plaintiff and his wife conveyed to James P. Pierce a portion of said tract which bordered on Marshall creek, but they retained the back portion of the farm on which their residence was situated. Part of plaintiff's flume was built upon lands con-

veyed to Pierce. The deeds from plaintiff and his wife to Pierce contained the following reservation:

"Reserving hereby from the operation of this deed the right to take and use the water as now taken and used by the parties of the first part, and the right to enter upon said land to repair and maintain proper flumes, pipes and conduits necessary to conduct and lead onto the lands of the parties of the first part, the amount of water now appropriated and used by said parties of the first part that are accustomed to flow on, upon and across the lands hereby conveyed."

In 1889 Pierce conveyed the said land along Marshall creek to the Ben Lomond Land and Lumber Company. This company installed a four-inch pipe by which it carried water from Marshall creek to the town of Ben Lomond, using the water in a logging pond, and also as a supply for people living in Ben Lomond, and for other purposes. In 1892 D. W. Johnston purchased the property from the Ben Lomond Land and Lumber Company, together with the water system for the supply of Ben Lomond. In 1901 the defendant Cody purchased the property and water system from Johnston, and he has owned and operated it ever since.

The case was tried with an advisory jury, which adopted the view that the plaintiff was entitled to the waters of the creek to the extent of the full carrying capacity of his flume, and rendered a verdict, finding that the plaintiff was entitled to seven hundred thousand gallons of water per twenty-four hours; but the court, accepting the defendants' theory, namely, that the plaintiff was entitled only to the amount of water actually taken *and used* by him at the time of the conveyance by him above mentioned, rejected the verdict of the jury, and found that the amount of water taken and used by the plaintiff at said time was one thousand gallons per twenty-four hours, and rendered judgment accordingly.

Plaintiff contends here, as he did in the lower court, that under the reservation just quoted he is entitled to the amount of water that was accustomed to flow in the flume. Defendants, on the other hand, have contended throughout the case that the amount of water reserved is not what had been accustomed to flow through plaintiff's flume, but the amount that he actually used for beneficial purposes at the time of the execution of the deed from himself and wife to Pierce.

In his complaint plaintiff alleged that he was entitled to all the waters in said creek. Defendants denied that he was entitled to more than one hundred gallons per day. On the issue thus framed the court found, as just seen, that the plaintiff was entitled to one thousand gallons per twenty-four hours. Under no theory of the case is plaintiff entitled to the entire flow of Marshall creek, or to the maximum carrying capacity of his flume, nor does he in fact claim to be thus entitled. As before stated he asserts that the measure of his right is the accustomed flow of water through the flume; but he introduced absolutely no evidence to show what this amount was. The defendants on the other hand, to support their position, produced evidence showing the amount of water required by plaintiff in the year 1885, considering the size of his family, the number of head of stock he had, and the size of the vegetable garden which he irrigated. Based upon these circumstances one expert witness testified that the plaintiff was entitled to not to exceed seven hundred and twenty-five gallons per day. Another expert said that twenty gallons of water per day is considered in the engineering profession to be necessary per capita per twenty-four hours for household and culinary purposes, including all household uses; fifteen gallons a day for a horse, and ten gallons a day for each cow; that one hundred gallons a day would be more than enough to irrigate plaintiff's small garden; therefore that the amount of water probably used by plaintiff in 1885 was four hundred and fifty gallons per day. The superintendent of the Santa Cruz City Water Works testified that two hundred and fifty gallons a day was sufficient for all plaintiff's enumerated purposes. There was other evidence on this subject.

The evidence thus introduced by the defendants showed the amount of water which in all probabilty was taken and used by the plaintiff at or about the time of the conveyance; and as there is no evidence in the case that a greater amount of water than one thousand gallons per day flowed through the flume, we are at a loss to understand how the plaintiff at this time can successfully complain. However, we think, under the proper construction of the reservation, that plaintiff was entitled, not to the amount of water that ordinarily flowed

through the flume, but to the amount of water that he was accustomed to use at the time of the conveyance.

There are two clauses in the reservation of the water right from which the intentions of the parties to the deed as to the amount of water reserved may be gathered. It is first stated that the grantors reserve "the right to take and use the water as now taken and used by the parties of the first part." Then follows the reservation of the right to maintain "proper flumes, pipes or conduits necessary to conduct and lead onto the lands of the parties of the first part the amount of water now appropriated and used by said parties of the first part that are accustomed to flow on, upon and across' the lands hereby conveyed."

In both of these clauses the word "used" is employed; and for this court to hold, as plaintiff alleged in his complaint, that the amount of water so reserved was the total flow of Marshall creek, irrespective of whether that quantity was put to a beneficial use or not, would be to put a very extravagant construction upon the deed. The same observation will apply, though with somewhat less force, to the construction at present contended for by plaintiff, namely, that the amount of water reserved was the quantity accustomed to flow through his flume, for it might be that more was accustomed to flow through it than was used by him. Such a construction would ignore the presence of the word "used." We think that the words "taken and used," and "appropriated and used," found in the two clauses of the reservation above quoted, may well be given the ordinary legal meaning of the word "appropriated" as used in connection with the acquisition of water rights. The authorities hold that an appropriator's rights are measured, not by the capacity of his conduit, nor by the amount taken from the stream, but by the amount actually applied to a beneficial use. (*Senior* v. *Anderson,* 115 Cal. 496, [47 Pac. 454].) We are therefore of opinion that the court correctly construed the reservation in the deed by limiting the plaintiff's rights (in the absence of evidence of the exact amount of water used by him at the time of the conveyance) to about the amount of water presumably so used; and we think that he cannot be heard to complain of such construction, especially as the court was quite liberal in computing the amount of water on this basis.

It may further be said on this point that the conduct of the plaintiff and the predecessors in interest of the respondents is inconsistent with the claim of plaintiff as set up in the complaint, for the evidence shows that Pierce, the grantee of plaintiff under the deed in question, shortly after its execution took water from the creek through a three-inch pipe from a point above the intake of plaintiff's flume, and no claim was at that time made by plaintiff that he had reserved all the water of the creek.

The order is affirmed.

Hall, J., and Cooper, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 9, 1911.